IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

CHERIE WASHBURN,

    Petitioner,

v.                                Case No. 1:23-cv-00034

WARDEN, FPC ALDERSON,

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the court are Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) and Respondent's Motion to Dismiss Petition (ECF No. 9). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

At the time she filed the instant petition, Petitioner was incarcerated at the Federal Prison Camp at Alderson, West Virginia ("FPC Alderson"). Her petition sought application of earned time credit under the First Step Act to her sentence and immediate release to home confinement. However, Petitioner was subsequently released from BOP custody on March 27, 2023. Thus, Respondent has now moved to dismiss the petition because Petitioner's request for relief can no longer be granted by this court and her petition is moot. Petitioner objected to the motion to dismiss and requested monetary damages for being unlawfully held in prison. (ECF No. 10).

## ANALYSIS

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review.  U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990).  When a case or controversy no longer exists, the claim is said to be "moot."  In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance.  *See*, *e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 F. App'x 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 F. App'x 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, No. 3:06-cv-11, 2007 WL 2897942 (N.D. W. Va. 2007).  As noted above, Petitioner has been released from BOP custody; thus, this federal court is no longer able to grant her requested relief.  Consequently, the court must dismiss the petition for lack of Article III jurisdiction.  Moreover, this Court has no authority to award monetary damages in a habeas corpus proceeding and, to the extent that Petitioner could even meet the criteria for the same, a claim for monetary damages for unjust conviction and imprisonment must be filed in the Court of Federal Claims.  *See* 28 U.S.C. § 1495.

Therefore, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's § 2241 petition is now moot due to her release from BOP custody.  Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Respondent's Motion to Dismiss Petition (ECF No. 9), **DENY AS MOOT** Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1), and dismiss this matter from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner at her last known address and transmit a copy to counsel of record.

October 13, 2023

Dwane L. Tinsley
United States Magistrate Judge